IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02820-BNB

CLINTON T. ELDRIDGE,

    Applicant,

v.

D. BERKEBILE, Warden,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Clinton T. Eldridge, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary, Administrative Maximum (ADX), in Florence, Colorado. Mr. Eldridge filed *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241(ECF No. 1) and an amendment to the application (ECF No. 7).

On November 16, 2012, Magistrate Judge Boyd N. Boland entered an order (ECF No. 8) directing Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intended to raise that defense in this action. On December 7, 2012, Respondent filed a preliminary response (ECF No. 13) arguing that this action should be dismissed for failure to exhaust administrative remedies. On January 4, 2013, Mr. Eldridge filed a reply (ECF No. 14).

The Court must construe liberally the filings of Mr. Eldridge because he is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application and dismiss the action.

Mr. Eldridge asserts one claim. He challenges the computation of his sentence and contends he is entitled to credit towards his sentence for time served between 1984, when he originally was sentenced for his crimes, and 1993, when he was re-sentenced. *See* ECF No. 7, *see also* ECF No. 1.

Mr. Eldridge claims he has exhausted administrative remedies. ECF No. 1 at 2. Respondent argues, to the contrary, that Mr. Roselli has not exhausted his administrative remedies and that his claims should be dismissed for failure to do so.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)).

The BOP administrative remedy procedure is available to federal prisoners such as Mr. Eldridge. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with

institution staff as well as regional and national appeals.  *See* 28 C.F.R. §§ 542.13 - 542.15.

An inmate has twenty days to appeal to the appropriate regional director and thirty days to file a national appeal to the BOP Central Office after receiving a response at the preceding level.  "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.  "An inmate may not raise in an Appeal issues not raised in the lower level filings."  28 C.F.R. § 542.15(b)(2).  An inmate also "may not combine Appeals of separate lower level responses (different case numbers) into a single Appeal."  *Id.*

If an inmate fails to comply with the procedural requirements of the administrative remedy process, a request may be rejected at any stage of the process.  28 C.F.R. § 542.17(a).  When a submission is rejected, the inmate is provided with a written notice as to the reason for rejection, and if the defect is correctable, a reasonable extension of time to correct the defect and resubmit the appeal.  28 C.F.R. § 542.17(b).  If an appeal is rejected and the inmate is not given an opportunity to correct the defect, the inmate may appeal the rejection to the next appeal level.  28 C.F.R. § 542.17(c).  The coordinator at the next appeal level may affirm the rejection, direct it to be submitted at the lower level, or accept it for filing.  *Id.*

Based on the BOP's administrative remedy records, Mr. Eldridge has failed to exhaust administrative remedies for the claim asserted in his application and amendment to the application.  First, since being in BOP custody, Mr. Eldridge has filed 109 administrative remedies or appeals.  *See* ECF No. 13, ex. A-1 (Declaration of

Benjamin J. Brieschke) at 5-6, ¶ 16.  None of these administrative remedies or appeals relates to the claim asserted here regarding the computation of his sentence.  ECF No. 13, ex. A-1 at 6, ¶ 17.

Second, in the application (ECF No. 1), Mr. Eldridge contends he has met the exhaustion requirement based on an informal contact with a BOP staff member. Specifically, in the application, Mr. Eldridge checked "yes" to indicate he has exhausted administrative remedies, and states that "[o]n March 15, 2005, petitioner submitted a request for credit toward his sentence," which was denied.  *Id.* at 2.  Mr. Eldridge further states that the documents contained in those "remedies" are attached to the application as exhibit C.  *Id.*  Exhibit C to ECF No. 1 is an "Inmate Request to Staff Member Response" dated March 23, 2005.  ECF No. 1 at 8.  Mr. Eldridge also attaches this document to the amendment to the application.  *See* ECF No. 7 at 13.  The "Inmate Request to Staff Member Response" is a response from a staff member to an informal request by Mr. Eldridge.  ECF No. 13, ex. A-1 at 6, ¶ 18.  Because the response to Mr. Eldridge's 2005 informal request does not constitute a completion of the four levels of the administrative remedy program, it does not establish exhaustion.  *See* ECF No. 13, ex. A-1 at 6, ¶ 19.  In the reply, Mr. Eldridge argues he has exhausted state remedies as to his claim.  However, exhaustion of state remedies does not mean he has exhausted BOP administrative remedies.

To summarize, Mr. Eldridge has not completed the BOP's formal administrative remedy program for any remedies related to the subject matter of the instant application, and the response to Mr. Eldridge's 2005 informal request does not demonstrate exhaustion.  Therefore, the Court finds that Mr. Eldridge has failed to

exhaust administrative remedies.  The instant action will be dismissed without prejudice for failure to exhaust administrative remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Eldridge files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1), as amended (ECF No. 7), is denied, and the action is dismissed without prejudice for failure to exhaust administrative remedies.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  9th  day of     January     , 2013.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court